# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JANDRA JACKSON GULLEY,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: **4:09-CV-1227-VEH** |
| ] | |
| **THE LEGACY STEAKHOUSE,** ] | |
| **et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case originated in the Circuit Court of St. Clair County, Alabama, and was removed to this court on June 18, 2009, premised upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1 ¶¶ 1-2). The court has before it Defendants' Motion to Sever and Remand Count II (Doc. 2) ("Motion to Remand") filed on June 19, 2009, and Motion to Dismiss Title VII Claims Against Individual Defendants (Doc. 7) ("Motion to Dismiss") filed on June 26, 2009.

On June 26, 2009, the court entered "Exhibit B" (Doc. 6), which is its standard briefing schedule order for any non-summary judgment motions. Despite the requirements set forth in Exhibit B, Plaintiff Jandra Jackson Gulley ("Ms. Gulley") has not filed any response to either motion as pointed out in Defendants' reply (Doc.

9) filed on July 14, 2009.  Accordingly, both motions are under submission as unopposed.[1]   Further and for the reasons explained more fully below, the court has determined that both motions are due to be granted.

## II.   ANALYSIS

### A.   Motion to Remand

Ms. Gulley's complaint includes two counts:  Count One asserts gender discrimination under Title VII, and Count Two alleges retaliation pursuant to Ala.

---

[1] Ms. Gulley's failure to file any opposition to either one of Defendants' motions is not without significant repercussions.  As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *1 (S.D. Ala. Nov. 27, 2007):

> Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file.  *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant).  Clearly, "the onus is upon the parties to formulate arguments."  *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.").  Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams*, 2007 WL 4219201, *1.  Therefore this court is under no requirement to independently construct grounds in opposition to Defendants' Motion to Remand or Motion to Dismiss except for any that reasonably appear based upon its own review of the record and consideration of the applicable law.

Code § 25-5-11.1[2] relating to the exercise of rights under the Alabama Workers' Compensation Act. (Doc. 1 at Ex. A ¶¶ 29-48). In their Motion to Remand,[3] Defendants seek to have this court sever Count Two of the complaint and remand it to state court. (Doc. 2 at 1).

Based upon 28 U.S.C. § 1445(c)[4] and controlling authority from the Eleventh Circuit, Defendants are correct that this court cannot properly exercise jurisdiction over Ms. Gulley's retaliation claim premised upon Ala. Code § 25-5-11.1. *See Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir. 2000) ("Because we conclude that claims brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims do arise under that state's workers' compensation laws, the

---

[2] The statute specifically states:

No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11.

Ala. Code § 25-5-11.1.

[3] The court notes that, in their Motion to Remand, Defendants initially (and improperly) state that Ms. Gulley has asserted a claim under the Americans with Disabilities Act (Doc. 2 ¶ 1), but then subsequently identify Count One correctly as a Title VII claim. (*Id.* ¶ 4).

[4] Section 1445(c) provides that:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. § 1445(c) (emphasis added).

3

district court lacked jurisdiction to entertain Reed's retaliatory discharge claim.") (emphasis added).

Further, unlike cases in which removal jurisdiction is asserted solely on the basis of diversity pursuant to 28 U.S.C. § 1332, a court may still exercise jurisdiction over a lawsuit removed under § 1331, despite the existent of a non-removable claim within the complaint. In particular, as 28 U.S.C. § 1441(c) states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added). Here, the court is in agreement with Defendants that Ms. Gulley's Title VII claim is not a "matter in which State law predominates." Accordingly, Defendants' Motion to Remand is due to be granted as to Ms. Gulley's retaliation count, and the court will retain jurisdiction over Ms. Gulley's Title VII count.

    **B.**    **Motion to Dismiss**

In the Motion to Dismiss, the individual defendants, Judy K. Ellison ("Ms. Ellison") and Darrin DeLoach ("Mr. DeLoach"), contend that they are due to be dismissed from the Title VII portion of Ms. Gulley's complaint because "[i]ndividuals

are not subject to liability under Title VII." (Doc. 7 ¶ 1 (citing *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (other citation omitted)).[5]  The court agrees that the individual defendants are due to be dismissed from Ms. Gulley's Title VII count.[6]

As the undersigned has previously explained:

> Title VII does not provide for individual liability. This particular area of the law is clear and well settled: "Individual capacity suits under Title VII are . . . inappropriate." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Indeed, "[t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Id*. (emphasis in original). Furthermore, the Eleventh Circuit has stated that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id*.

*Shempert v. Britt*, No. 2:05-CV-2520-VEH, (Doc. 5 § III.A. at 2-3) (N.D. Ala. Jan. 6, 2006).

Here, Ms. Gulley has sued Ms. Ellison and Mr. DeLoach individually and in their official capacities as owner and manager and co-owner and manager of The

---

[5] Ms. Ellison and Mr. DeLoach also suggest that their dismissal is appropriate under Title VII because Ms. Gulley did not name them in her EEOC charge. (*Id.* ¶ 2 (citing *Bell v. Crackin Good Bakers, Inc.*, 777 F.2d 1497, 1504 (11th Cir. 1985) (other citations omitted)). Their statement about the contents of Ms. Gulley's EEOC charge may be true. However, they neither attach a copy of it to their Motion to Dismiss nor point to where it has been previously filed into the record. Accordingly, the court does not reach this alternative basis offered to support their dismissal under Title VII.

[6] Because the court has separately concluded that Ms. Gulley's worker's compensation retaliation count is due to be remanded, it does not reach the merits of Defendants' argument that the individual defendants are due to be dismissed from that portion of her complaint.

Legacy Steakhouse ("Legacy"),[7] respectively. (Doc. 1 at Ex. A at 1). Ms. Gulley has also separately sued Legacy as her employer. (*Id.*).

Therefore because Title VII does not permit individual capacity lawsuits and because Mr. Gulley has sued her employer directly, there is no reason for Ms. Ellison or Mr. DeLoach to remain in the case in either their individual or alternatively their representative capacities. Accordingly, Defendants' Motion to Dismiss is due to be granted, and the individual defendants are due to be dismissed from Ms. Gulley's Title VII count.

### III. CONCLUSION

Accordingly, both Defendants' Motion to Remand and Motion to Dismiss are due to be granted as unopposed and well-taken. A separate order will be entered.

**DONE** and **ORDERED** this the 17th day of July, 2009.

*/s/ VEHopkins*

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[7] The answer filed by Legacy states that its correct legal name is actually W.S. Pell City, Inc., d/b/a Legacy Steakhouse. (Doc. 8 at 1).